IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

      Petitioner,

     v.                          Civil Action No. 25-MC-12

AIR WISCONSIN AIRLINES, LLC,

      Respondent.

---

## UNITED STATES'S PETITION TO ENFORCE SUBPOENA

---

The United States of America, on behalf of its agency, the Federal Aviation Administration ("FAA"), and by its undersigned attorneys, respectfully petitions the Court for an order enforcing an administrative subpoena served on Air Wisconsin Airlines, LLC ("Air Wisconsin") on June 3, 2024. In support of this petition, the United States alleges the following:

1.     On June 3, 2024, the FAA issued a subpoena duces tecum to Air Wisconsin, directing the company to produce records concerning a hard landing incident involving Air Wisconsin Flight 6184 that occurred on March 4, 2024. Pilot error appears to have caused the hard landing. The landing resulted in enough damage to the aircraft that it was out of service for over ten days. That same month, the FAA began an investigation of this incident. *See* Declaration of Johnathan Bringewatt, at ¶¶ 3-7 (attached). The FAA has not decided whether an enforcement action is appropriate to address the incident.

2.     Respondent Air Wisconsin holds an Air Carrier Certificate issued under 14 C.F.R. part 119 and is authorized to conduct scheduled operations under 14 C.F.R. part 121. Bringewatt Decl., at ¶ 6. On March 26, 2024, as part of its investigation, the FAA contacted Respondent and

requested that it provide the flight release, flight event reports, crew names, and crew contact numbers related to the flight. Bringewatt Decl. ¶ 11. On March 28, 2024, Respondent informed the FAA that it would not produce any of the requested information. Bringewatt Decl. ¶ 12. Accordingly, on June 3, 2024, the FAA issued a subpoena to Respondent seeking information related to the flight. Bringewatt Decl. ¶ 13.

3.      The FAA's subpoena, attached as Exhibit A to Mr. Bringewatt's declaration, requested that Air Wisconsin produce the following documents related to Flight 6184 on March 4, 2024:

- The names of the Captain, First Officer, Flight Attendant and their Certificate numbers and contact information.

- Dispatch release and amended dispatch releases for N413AW for the event flight, the flight prior, and the flight after the event.

- ACARS logs from before engine start to after engine shut down.

- Audio logs: All communication (electronic, verbal, written) between the flight crew and Air Wisconsin, from the start of their duty period on 04 March 2024.

- The captain's and the first officer's actual (flown) March schedule.

- Any flight crew training records related to the HLLE.

- A6WA SMS investigation reports into this event.

- Flight Event Reports (FERs) and Cabin Event Report (CER).

The subpoena also requested that Air Wisconsin produce any document that includes a description of Air Wisconsin's policy or practice regarding how to determine whether to conduct "random" FOQA downloads. The subpoena required Air Wisconsin to produce these documents no later than July 3, 2024. See Bringewatt Decl., Exhibit A.

4.      On July 19, 2024, Air Wisconsin submitted a "Motion to Quash" to the FAA, asserting that the records sought by the agency are protected from disclosure. *See* Bringewatt Decl.,

2

at ¶ 14 (Exhibit B). Although Air Wisconsin has since offered to produce a limited set of documents in response to the subpoena, it has not complied fully with the subpoena, depriving the FAA of the data it needs to complete its investigation of the incident. The FAA now brings this Petition to enforce the Subpoenas in their entirety.

5. Title 49 U.S.C. § 46104(a)(1) grants the FAA authority to "subpoena witnesses and records related to a matter involved in the hearing or investigation from any place in the United States to the designated place of the hearing or investigation." Congress also authorizes the FAA to bring a petition in federal court to enforce its subpoenas:

> If a person disobeys a subpoena, . . . the Administrator of the Federal Aviation Administration, . . . may petition a court of the United States to enforce the subpoena. A judicial proceeding to enforce a subpoena under this section may be brought in the jurisdiction in which the proceeding or investigation is conducted. The court may punish a failure to obey an order of the court to comply with the subpoena as a contempt of court.

49 U.S.C. § 46104(b).

6. The standards for enforcing subpoenas are identical to the standards the Seventh Circuit prescribes for enforcing administrative subpoenas issued by other federal agencies: "[A] district court's subpoena enforcement function is narrowly limited: in deciding whether to enforce, it is sufficient if the inquiry is within the authority of the agency, [and] the demand is not too indefinite, and the information sought is reasonably relevant." *E.E.O.C. v. Aerotek, Inc.*, 815 F.3d 328, 333 (7th Cir. 2016) (internal citations and quotation omitted); *see also E.E.O.C v. Tempel Steel Co.*, 814 F.2d 482, 485 (7th Cir. 1987); *U.S. Department of Education. v. NCAA*, 2006 WL 3198822, at *2 (S.D. Ind. Sept. 8, 2006), *aff'd* 481 F.3d 936 (7th Cir. 2007) (enforcing Department of Education administrative subpoena related to investigation of alleged misuse of federal student financial aid). As the D.C. Circuit said in *Resolution Trust Corp. v. Thornton*, "[i]f an agency's subpoena satisfies these requirements, we must enforce it." 41 F.3d 1539, 1544 (D.C. Cir. 1994).

3

7. Here, the FAA learned of the HLLE while conducting a standard review of Respondents daily aircraft maintenance logs. Bringewatt Decl., ¶ 8. Title 14 C.F.R. § 119.59(b)(2) states that the holder of a certificate issued under 14 C.F.R. part 119 must allow the Administrator of the FAA to make any test or inspection to determine compliance respecting any matter stated in paragraph (a) of § 119.59. Title 14 C.F.R. § 119.59(c) states that each employee of, or person used by, the holder of a certificate issued under 14 C.F.R. part 119 who is responsible for maintaining the certificate holder's records must make those records available to the Administrator of the FAA.

8. In its Motion to Quash, Air Wisconsin asserted that the subpoena seeks protected Flight Operations Quality Assurance ("FOQA") program data pertaining to a single flight to investigate and enforce federal aviation regulations against Air Wisconsin, in violation of Title 14 C.F.R. § 13.401. Air Wisconsin's position, however, in inconsistent with the purpose and requirements of this federal regulation.

9. A FOQA program is "an FAA-approved program for the routine collection and analysis of digital flight data gathered during aircraft operations, including data currently collected pursuant to existing regulatory provisions, when such data is included in an approved FOQA program." 14 C.F.R. § 13.401(b)(1). The FAA cannot "use an operator's FOQA data or aggregate FOQA data in an enforcement action against that operator or its employees when such FOQA data or aggregate FOQA data is obtained from a FOQA program that is approved by the Administrator," unless it does so "for criminal or deliberate acts." 14 C.F.R. § 13.401(e). Here, the information the FAA is seeking from Air Wisconsin is stored both as anonymized data in a FOQA database and in more routine records (e.g., flight crew assignment sheets) that are not protected by § 13.401(e). Additionally, even if the FAA was requesting information from Air Wisconsin that was only held

4

in a FOQA database, § 13.401(e) only prohibits the FAA from using that FOQA data in an enforcement action. The regulation does not prohibit the FAA from obtaining that data for other safety-oversight purposes, such as recommending additional training for the crewmembers involved.

10. For these reasons, the Subpoena is valid and enforceable. It was properly served on Air Wisconsin pursuant to an investigation within the FAA's authority. The Subpoenas are not too indefinite, and the information sought is reasonably relevant to the FAA's investigation. Respondents cannot show that compliance with the Subpoena will impose an unreasonable or undue burden.

11. This Court has federal question jurisdiction over the FAA's Petition pursuant to 28 U.S.C. § 1331 because the Petition arises under federal law, namely 49 U.S.C. § 46104(b), which authorizes the FAA to "petition the court of the United States to enforce" the Subpoena. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Air Wisconsin does business in this judicial district and the FAA has been conducting this investigation in this judicial district.

12. In support of this Petition, the FAA further submits the attached Declaration of Johnathan Bringewatt, an attorney with the FAA's Office of the Chief Counsel, and additional exhibits attached thereto.

WHEREFORE, the Petitioner respectfully petitions the Court to issue an order enforcing the Subpoenas and for all other just and appropriate relief.

RICHARD G. FROHLING
Acting United States Attorney

By: s/Chris R. Larsen

CHRIS R. LARSEN
Assistant U.S. Attorney
Wisconsin Bar No.1005336

5

Office of the United States Attorney
Eastern District of Wisconsin
517 East Wisconsin Avenue, Room 530
Milwaukee, WI 53202
Telephone: (414) 297-1700
Fax: (414) 297-4394
chris.larsen@usdoj.gov

6